This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**


**LYNN ROBERTSON**,

      Worker-Appellee/Cross-Appellant,

v.                                                  **NO. 30,924**

**EMBROIDERY USA and**
**STATE FARM WORKERS'**
**COMPENSATION**,

      Employer/Insurer-Appellants/Cross-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Terry S. Kramer, Workers' Compensation Judge**

James Rawley
Albuquerque, NM

for Appellee

David L. Skinner
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**VIGIL, Judge.**

      Employer contends that the award of 434 weeks of 27% permanent partial disability (PPD) benefits based on secondary mental impairment from March 4, 2008,

forward was error as a matter of law under NMSA 1978, Section 52-1-42(A)(4) (1990), where the secondary mental impairment was the result of a physical injury to the knee with a 150-week maximum period for payment of benefits under NMSA 1978, Section 52-1-43(A)(30) (2003).  [Employer DS 2]  Worker contends that the Workers' Compensation Judge's (WCJ) decision to subtract sixty-six weeks from the Worker's five hundred-week period was error as these weeks were temporary total disability (TTD) for Worker's physical injury (forty-four weeks) and not for the secondary mental impairment (twenty-two weeks).  [Worker DS 2]

This Court's calendar notice proposed to affirm on Employer's issue on appeal and proposed to reverse and remand on Worker's issue on cross-appeal.  [Ct. App. File, CN1]  Worker has filed a memorandum in support of the proposed disposition. [Ct. App. File, MIS]  Employer has not responded to the calendar notice and the time for doing so has passed.

For the reasons set forth in this Court's calendar notice, we affirm the WCJ on the issue raised in Employer's appeal.  With regard to Worker's cross-appeal, because Worker's PPD benefits should have been reduced by twenty-two rather than forty-four weeks, we reverse and remand to the WCJ for a recalculation of Worker's PPD benefits.

**IT IS SO ORDERED.**

 

_____

**MICHAEL E. VIGIL, Judge**

WE CONCUR:

_____
**JAMES J. WECHSLER, Judge**


_____
**LINDA M. VANZI, Judge**